*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1341**

State of Minnesota,
Respondent,

vs.

Tony Xiong,
Appellant.

**Filed August 4, 2014
Affirmed
Johnson, Judge**

Ramsey County District Court
File No. 62-CR-12-9817

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Stephanie A. Karri, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Chutich, Judge; and Huspeni, Judge.*

---

*Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**JOHNSON**, Judge

A Ramsey County jury found Tony Xiong guilty of theft of a motor vehicle and fleeing a peace officer in a motor vehicle. On appeal, Xiong challenges the admission of his two prior felony convictions of theft of a motor vehicle, which the state introduced for purposes of impeachment. We affirm.

## FACTS

In the early morning hours of December 9, 2012, Xiong was a passenger in a stolen Honda Civic in the city of Maplewood. Officer Jason Marino activated his emergency lights to stop the vehicle. The driver, Kee Thao, initially complied by pulling into the parking lot of a coffee shop. But when the vehicle came to a stop, Thao got out and fled on foot. Officer Marino got out of his squad car and chased Thao on foot. As Officer Marino ran past the Honda, he saw Xiong in the front passenger seat. Officer Marino called for back-up.

Sergeant Brian Bierdeman heard Officer Marino's call and headed toward the scene. As he approached the coffee shop, Sergeant Bierdeman saw the Honda leaving the parking lot. Sergeant Bierdeman activated his emergency lights and sirens and pursued the Honda. Because the Honda was traveling at a speed of more than 100 m.p.h., and because the roads were slippery due to snow, Sergeant Bierdeman terminated the high-speed chase. Sergeant Bierdeman continued to follow the Honda at the posted speed limit and maintained continuous visual contact with the vehicle.

Officer William Sypniewski also heard Officer Marino's call for back-up. While heading toward the scene, Officer Sypniewski heard over his radio that the Honda was heading toward the intersection of Century Avenue and Highway 5. Officer Sypniewski parked his squad car at that intersection. As the Honda approached the intersection, Officer Sypniewski made eye contact with the driver, whom he later identified as Xiong. Officer Sypniewski activated his emergency lights and sirens and pursued the Honda but also had to terminate the chase due to safety concerns. Officer Sypniewski continued to follow the Honda at the posted speed limit and maintained continuous visual contact with the vehicle.

After approximately three minutes, Officer Sypniewski saw Xiong exit the Honda while it was still moving and flee on foot. The Honda went over a curb, hit a utility pole, and hit a brick sign before it came to a stop. Officers tracked Xiong's footprints in the snow and, with the help of a K-9 unit, found Xiong in the courtyard of a home.

The state charged Xiong with one count of aiding and abetting theft of a motor vehicle, in violation of Minn. Stat. § 609.52, subds. 2(a)(1), 3(3)(d)(v) (2012); one count of aiding and abetting theft of a motor vehicle, in violation of Minn. Stat. § 609.52, subds. 2(a)(17), 3(3)(d)(v) (2012); and one count of fleeing a peace officer in a motor vehicle, in violation of Minn. Stat. § 609.487, subd. 3 (2012).

The case was tried to a jury over three days in March 2013. Xiong testified in his own defense. Over Xiong's objection, the district court allowed the state to introduce, for impeachment purposes, evidence of Xiong's two prior felony convictions of theft of a motor vehicle. The jury found Xiong guilty on counts 2 and 3 and not guilty on count 1.

In April 2013, the district court imposed concurrent prison sentences of 21 months for theft of a motor vehicle and 17 months for fleeing a peace officer in a motor vehicle. Xiong appeals.

**D E C I S I O N**

Xiong argues that the district court erred by allowing the state to introduce, for impeachment purposes, evidence of his two prior felony convictions of theft of a motor vehicle. Xiong contends that the district court erred by failing to consider the factors set forth in *State v. Jones*, 271 N.W.2d 534 (Minn. 1978), before deciding to admit the evidence. Xiong further contends that the *Jones* factors should have caused the district court to exclude the evidence.

Evidence of a defendant's prior conviction is admissible for impeachment purposes if the crime is punishable by more than one year in prison and the probative value of the evidence outweighs its prejudicial effect. Minn. R. Evid. 609(a); *State v. Williams*, 771 N.W.2d 514, 518 (Minn. 2009). In this case, both of Xiong's prior convictions were punishable by more than one year of incarceration. *See* Minn. Stat. § 609.52, subds. 2(a)(17), 3(3)(d)(v) (2012). Thus, the key question is whether the probative value of the evidence of the convictions outweighs its prejudicial effect.

A district court must consider the five *Jones* factors when determining whether the probative value of impeachment evidence outweighs its prejudicial effect: "'(1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime . . . , (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue.'"

*State v. Hill*, 801 N.W.2d 646, 653 (Minn. 2011) (alteration in original) (quoting *Jones*, 271 N.W.2d at 538). "[I]t is error for a district court to fail to make a record of its consideration of the *Jones* factors." *State v. Davis,* 735 N.W.2d 674, 680 (Minn. 2007). But such an error is harmless if a proper application of the *Jones* factors would have resulted in the admission of the evidence. *Id.*; *State v. Swanson*, 707 N.W.2d 645, 655 (Minn. 2006); *State v. Craig*, 807 N.W.2d 453, 469 (Minn. App. 2011), *aff'd*, 826 N.W.2d 789 (Minn. 2013); *State v. Vanhouse*, 634 N.W.2d 715, 719 (Minn. App. 2001), *review denied* (Minn. Dec. 11, 2001); *State v. Lund*, 474 N.W.2d 169, 172 (Minn. App. 1991). This court applies an abuse-of-discretion standard of review to a district court's decision to admit evidence of a defendant's prior conviction for impeachment purposes. *Hill*, 801 N.W.2d at 651.

In this case, the district court addressed the admissibility of Xiong's prior convictions on three separate occasions and made a record of its assessment of both probative value and prejudicial effect. But the district court did not discuss all of the *Jones* factors on any one occasion, and the district court made some statements that Xiong contends reflect a misunderstanding of the *Jones* factors. We need not determine whether the district court erred in its analysis because, as described below, a proper application of the *Jones* factors leads to the conclusion that the evidence is admissible. *See Davis*, 735 N.W.2d at 680; *Swanson*, 707 N.W.2d at 655; *Craig*, 807 N.W.2d at 469; *Vanhouse*, 634 N.W.2d at 719; *Lund*, 474 N.W.2d at 172.

## A. Impeachment Value of Prior Crimes

Xiong contends that the first *Jones* factor weighs against admission because his prior felony convictions arose from guilty pleas, not from guilty verdicts in contested trials.

In analyzing the admissibility of prior felony convictions, Minnesota courts do not distinguish between those arising from a guilty plea and those arising from a finding of guilt by a judge or a jury. *See Craig*, 807 N.W.2d at 469 (considering prior felony conviction arising from guilty plea); *see also State v. Zornes*, 831 N.W.2d 609, 626-28 (Minn. 2013), *cert. denied*, 134 S. Ct. 700 (2013); *Hill*, 801 N.W.2d at 650-53; *Swanson*, 707 N.W.2d at 653-56. The supreme court consistently has stated that "*any* felony conviction is probative of a witness's credibility, and the mere fact that a witness is a convicted felon holds impeachment value." *Hill*, 801 N.W.2d at 652. "[I]t is the general lack of respect for the law, rather than the specific nature of the conviction, that informs the fact-finder about a witness's credibility, at least with respect to convictions other than those involving dishonesty or false statements." *Id.* "[A] prior conviction can have impeachment value by helping the jury see the 'whole person' of the defendant and better evaluate his or her truthfulness." *Swanson*, 707 N.W.2d at 655. Because Xiong's two prior felony convictions allowed the jury to see the "whole person," this factor weighs in favor of admission. *See id.*

6

**B.      Date of Convictions and Defendant's Subsequent History**

Both of Xiong's prior felony convictions arose from conduct occurring in January 2012, and he entered his guilty pleas in March 2012. Xiong concedes that this factor weighs in favor of admission.

**C.      Similarity of Past Crimes to Crime Charged**

Xiong contends that the third *Jones* factor weighs against admission because his past crimes are the same as the crime charged. "The more similar the alleged offense and the crime underlying a past conviction, the more likely it is that the conviction is more prejudicial than probative." *Id.* Because Xiong's past convictions are the same as the crime charged, this factor weighs against admission. *See id.* (reasoning that third *Jones* factors weighed against admission due to similarity between past convictions and crime charged).

**D.      Importance of Defendant's Testimony and Centrality of Credibility**

Xiong contends that the fourth and fifth *Jones* factors weigh against admission because, although his testimony was important, it was not central. This court may consider the fourth and fifth *Jones* factors together. *See, e.g.*, *id.* "[I]f the defendant's credibility is the central issue in the case . . . , then a greater case can be made for admitting the impeachment evidence, because the need for the evidence is greater." *State v. Bettin*, 295 N.W.2d 542, 546 (Minn. 1980). Credibility is central to the case "if the issue for the jury narrows to a choice between defendant's credibility and that of one other person." *Id.* "If credibility is a central issue in the case, the fourth and fifth *Jones*

factors weigh in favor of admission of the prior convictions." *Swanson*, 707 N.W.2d at 655.

In *Swanson*, the appellant's testimony was the only evidence supporting his alibi defense. *Id.* The jury also heard testimony from the appellant's two accomplices, which contradicted the appellant's alibi defense. *Id.* The supreme court reasoned that "credibility was a central issue" because the jury had to determine whether to believe the appellant's account of events or his accomplices' account of events and, thus, "the fourth and fifth *Jones* factors weigh in favor of admission of the prior convictions." *Id.* at 655-56. This case is similar to *Swanson*. Xiong's theory of the defense was that he was not the driver of the Honda during the high-speed chase, and his testimony was the only evidence to support that theory. Because the jury had to determine whether to believe Xiong's testimony or the officers' testimony, Xiong's credibility was central to the case. Thus, the fourth and fifth *Jones* factors weigh in favor of admission. *See id.*

### E.    Summary

Four of the *Jones* factors weigh in favor of admission, while one *Jones* factor weighs against admission. The supreme court has held that, even if the third *Jones* factor weighs against admission, a district court does not abuse its discretion by admitting evidence of a prior conviction for purposes of impeachment if the other four *Jones* factors weigh in favor of admission. *Id.* at 656. In this case, because the first, second, fourth, and fifth *Jones* factors weigh in favor of admission, the district court did not abuse its discretion by admitting Xiong's prior convictions. *See id.*

**Affirmed.**

8